GARLAND, Circuit Judge,
with whom TATEL, Circuit Judge, joins, dissenting from the denial of rehearing en banc.
The significance of the court’s decision in this case should not be underestimated. In many cases involving leaks of government information concerning identifiable individuals, those individuals will have viable claims under the Privacy Act. Moreover, the Act is not limited to private individuals. It is equally available to public officials — and to former public officials — whether they have been accused of corruption or merely of incompetence. It would, for example, be available to former officials seeking to learn who leaked the information that forced them to resign in their administration’s own Watergate.
Barring an unexpected confession by the leaker, in most such cases the subject of the leak will be able to satisfy the centrality and exhaustion requirements cited in the court’s opinion. Thus, if the reporter’s privilege is limited to those requirements, it is effectively no privilege at all. Plaintiffs wielding Privacy Act suits will routinely succeed in putting reporters who *303 receive whistleblower leaks to the choice of testifying or going to jail. And bridled by nothing other than plaintiffs’ private interests, the more such strategies succeed, the more they will be employed. Indeed, where former officials have themselves been indicted, they may find that issuing third-party subpoenas to reporters in Privacy Act suits usefully supplements' criminal discovery.
All of this is inconsistent with the commitment we made in Zerilli, where we promised that, “when striking the balance between the civil litigant’s interest in compelled disclosure and the public interest in protecting a newspaper’s confidential sources, we will be mindful of the preferred position of the First Amendment and the importance of a vigorous press.” Zerilli v. Smith, 656 F.2d 705, 712 (D.C.Cir.1981). As we explained: “[I]f the privilege does not prevail in all but the most exceptional cases, its value will be substantially diminished. Unless potential sources are confident that compelled disclosure is unlikely, they will be reluctant to disclose any confidential information to reporters.” Id. And if our case law has that consequence, it will undermine the Founders’ intention to protect the press “so that it could bare the secrets of government and inform the people.” New York Times Co. v. United States, 403 U.S. 713, 717, 91 S.Ct. 2140, 29 L.Ed.2d 822 (Black, J., concurring).
The only way to render the reporter’s privilege effective in the face of Privacy Act claims is to include the requirement, adopted in Zerilli and detailed in Judge Tatel’s dissent, see sep. op. at 2-3 (Tatel, J., dissenting from denial of rehearing en banc), that the court “weight] the public interest in protecting the reporter’s sources against the private interest in compelling disclosure,” Zerilli, 656 F.2d at 712. Because that requirement is absent from the court’s opinion, I would grant the petition for rehearing en banc.